**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARIA F.N., | ) | NO. CV 18-4384-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, DEPUTY | ) | |
| COMMISSIONER FOR OPERATIONS, | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on May 23, 2018, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on June 17, 2018. Plaintiff filed a motion for summary judgment on November 29, 2018. Defendant filed a motion for summary judgment on February 8, 2019. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed May 29, 2018.

///

///

**BACKGROUND**

Following a previous remand,[1] an Administrative Law Judge ("ALJ") examined the record and conducted a second hearing at which Plaintiff and a vocational expert testified (Administrative Record ("A.R.") 458-89). The ALJ found that Plaintiff suffers from severe "lumbar spine degeneration and left knee joint arthritis," but retains the residual functional capacity for a reduced range of light work (A.R. 461-62). According to the ALJ, Plaintiff's capacity includes an ability to "stand and/or walk for four hours and sit for six hours during an eight-hour workday . . . [and Plaintiff] does not require an assistive device for walking" (A.R. 462). The ALJ discounted Plaintiff's testimony that her subjective symptomatology further reduces her functional capacity (A.R. 463-66).

A vocational expert testified that a person having the residual functional capacity the ALJ found to exist could perform Plaintiff's past relevant work as a sewing machine operator (A.R. 486-87). The ALJ relied on this testimony in finding Plaintiff not disabled (A.R. 467).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's

---

[1] In <u>Najera v. Colvin</u>, CV 16-2442-E, this Court reversed in part a previous denial of benefits and remanded the matter for further administrative proceedings.

findings are supported by substantial evidence; and (2) the
Administration used correct legal standards.  See Carmickle v.
Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such
relevant evidence as a reasonable mind might accept as adequate to
support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401
(1971) (citation and quotations omitted); see also Widmark v.
Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

    If the evidence can support either outcome, the court may
    not substitute its judgment for that of the ALJ.  But the
    Commissioner's decision cannot be affirmed simply by
    isolating a specific quantum of supporting evidence.
    Rather, a court must consider the record as a whole,
    weighing both evidence that supports and evidence that
    detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and
quotations omitted).

                              **DISCUSSION**

    After consideration of the record as a whole, Defendant's motion
is granted and Plaintiff's motion is denied.  The Administration's
findings are supported by substantial evidence and are free from
///
///

material[2] legal error.  Plaintiff's contrary arguments are unavailing.

## I.  Substantial Evidence Supports the Conclusion Plaintiff Can Work.

A social security claimant bears the burden of "showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  Plaintiff must prove her impairments prevented her from working for twelve continuous months.  See Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986). Substantial evidence supports the conclusion that Plaintiff failed to carry her burden in this case.  The Administrative Record contains relevant evidence that "a reasonable mind might accept as adequate to support [the] conclusion" that Plaintiff was not disabled from all employment through the date of the ALJ's decision.  See Richardson v. Perales, 402 U.S. at 401 (9th Cir. 2006).

Dr. Payam Moazzaz, a consultative examining orthopedic surgeon, opined Plaintiff has a residual functional capacity even greater than the capacity the ALJ found to exist (A.R. 263).  Dr. Moazzaz' opinion furnishes substantial evidence supporting the conclusion Plaintiff can work.  See Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (examining physician's opinion based on independent clinical findings

---

[2]    The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

constitutes substantial evidence to support a disability determination); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (same).

Non-examining state agency physicians also opined Plaintiff has a residual functional capacity greater than the capacity the ALJ found to exist (A.R. 65, 73, 84, 94).  These non-examining physicians' opinions lend additional support to the ALJ's findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record" an ALJ properly may rely on these opinions); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990).

Medical testing, including x-rays and MRIs, suggest no more than mild problems with Plaintiff's back and left knee (A.R. 262, 286-87, 294, 297, 307, 322-25, 399-401, 406-08, 416-17, 739-40, 750).  Furthermore, examination reports reflect Plaintiff's ability to walk without an assistive device and with a "normal gait" (A.R. 260, 263, 852).

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform Plaintiff's past relevant work as a sewing machine operator (A.R. 486-87).  This testimony furnishes substantial evidence that there exist significant numbers of jobs Plaintiff can perform.  See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995) (ALJ properly may rely on vocational expert to

identify jobs claimant can perform); 42 U.S.C. § 423(d)(2)(A); 20
C.F.R. §§ 404.1520, 416.920.

To the extent the evidence of record is conflicting, the ALJ
properly resolved the conflicts. <u>See</u> <u>Treichler v. Commissioner</u>, 775
F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to
resolve conflicts and ambiguities in the record). The Court must
uphold the administrative decision when the evidence "is susceptible
to more than one rational interpretation." <u>Andrews v. Shalala</u>, 53
F.3d at 1039-40. The Court will uphold the ALJ's rational
interpretation of the evidence in the present case notwithstanding any
conflicts in the record.

## II. **<u>The ALJ did not Materially Err in Discounting Plaintiff's Subjective Complaints.</u>**

Plaintiff challenges the legal sufficiency of the ALJ's stated
reasons for discounting Plaintiff's testimony concerning her
subjective symptomatology. The Court discerns no material error.

An ALJ's assessment of a claimant's credibility is entitled to
"great weight." <u>Anderson v. Sullivan</u>, 914 F.2d 1121, 1124 (9th Cir.
1990); <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985). Where, as
here, an ALJ finds that the claimant's medically determinable
impairments reasonably could be expected to cause some degree of the
alleged symptoms of which the claimant subjectively complains, any
discounting of the claimant's complaints must be supported by
specific, cogent findings. <u>See</u> <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234

(9th Cir. 2010); <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995);

<u>but see</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282-84 (9th Cir. 1996)

(indicating that ALJ must offer "specific, clear and convincing"

reasons to reject a claimant's testimony where there is no evidence of

"malingering").[3]  An ALJ's credibility finding "must be sufficiently

specific to allow a reviewing court to conclude the ALJ rejected the

claimant's testimony on permissible grounds and did not arbitrarily

discredit the claimant's testimony."  <u>See</u> <u>Moisa v. Barnhart</u>, 367 F.3d

882, 885 (9th Cir. 2004) (internal citations and quotations omitted);

<u>see also</u> Social Security Ruling ("SSR") 96-7p (explaining how to

assess a claimant's credibility), <u>superseded</u>, SSR 16-3p (eff. Mar. 28,

2016).[4]  As discussed below, the ALJ stated sufficient reasons for

deeming Plaintiff's subjective complaints less than fully credible.

///

---

[3]    In the absence of an ALJ's reliance on evidence of
"malingering," most recent Ninth Circuit cases have applied the
"clear and convincing" standard.  <u>See, e.g.</u>, <u>Leon v. Berryhill</u>,
880 F.3d 1041, 1046 (9th Cir. 2017); <u>Brown-Hunter v. Colvin</u>, 806
F.3d 487, 488-89 (9th Cir. 2015); <u>Burrell v. Colvin</u>, 775 F.3d
1133, 1136-37 (9th Cir. 2014); <u>Treichler v. Commissioner</u>, 775
F.3d at 1102; <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1163 n.9 (9th Cir.
2014); <u>Garrison v. Colvin</u>, 759 F.3d 995, 1014-15 & n.18 (9th Cir.
2014); <u>see also</u> <u>Ballard v. Apfel</u>, 2000 WL 1899797, at *2 n.1
(C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the
present case, the ALJ's findings are sufficient under either
standard, so the distinction between the two standards (if any)
is academic.

[4]    The appropriate analysis under the superseding SSR is
substantially the same as the analysis under the superseded SSR.
<u>See</u> <u>R.P. v. Colvin</u>, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5,
2016) (stating that SSR 16-3p "implemented a change in diction
rather than substance") (citations omitted); <u>see also</u> <u>Trevizo v.</u>
<u>Berryhill</u>, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that
SSR 16-3p "makes clear what our precedent already required").

The ALJ stressed that, in numerous respects, the objective medical evidence fails to support the claimed severity of Plaintiff's subjective symptoms (A.R. 463-66). An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomology. See Burch v. Barnhart, 400 F.3d 676, 681 (2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Carmickle v. Commissioner, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) (subjective knee pain properly discounted where laboratory tests showed knee function within normal limits); SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . ."). Although inconsistencies between subjective symptom complaints and objective medical evidence cannot be the sole basis for discounting a claimant's complaints, Burch v. Barnhart, 400 F.3d at 681, the ALJ did not discount Plaintiff's complaints solely on the basis that the complaints were inconsistent with the objective medical evidence.

As the ALJ also indicated, Plaintiff's testimony was inconsistent with the observations of third party examiners (A.R. 464, 466). Plaintiff testified she must use a cane whenever she walks (A.R. 54, 554). Yet, as previously indicated, third party examiners reported

Plaintiff had a "normal gait" and walked without the need for an assistive device (A.R. 260, 263, 852). An ALJ properly may discount a claimant's assertions which are inconsistent with the observations of third parties. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988); see also SSR 16-3p at *7.

As the ALJ also indicated, the treatment received by Plaintiff has been relatively conservative and there evidently was a lengthy (3 year) gap in her treatment (A.R. 463-66). At times, Plaintiff took only relatively mild medications for her allegedly disabling back and knee pain (A.R. 259, 335, 356).[5] Observations regarding the relatively conservative nature of a claimant's treatment properly may factor into the evaluation of a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d at 1039-40; Parra v. Astrue, 481 F.3d at 751; Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001); see also Burch v. Barnhart, 400 F.3d at 681 (unexplained failure to seek medical treatment may discredit a claimant's allegations of disabling symptoms); Chavez v. Department of Health and Human Services, 103 F.3d 849, 853 (9th Cir. 1996) (failure to seek "further treatment" for back

---

[5] One doctor did recommend surgery on Plaintiff's left knee (A.R. 398). However, the ALJ properly rejected the validity of this recommendation, stating legally sufficient reasons for doing so (A.R. 465). See Smolen v. Chater, 80 F.3d at 1285 (ALJ may reject uncontradicted opinion of a treating physician by stating "clear and convincing" reasons that are based on substantial evidence in the record); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (ALJ may reject the contradicted opinion of a treating physician by stating "specific, legitimate" reasons for doing so that are based on substantial evidence in the record).

problem among specific findings justifying rejection of claimant's excess pain testimony).

The ALJ also pointed out evidence that Plaintiff's pain may be adequately controlled with medication (A.R. 464; see also A.R. 845). See Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citations omitted); see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (effectiveness of medication and treatment is a relevant factor in determining the severity of a claimant's symptoms); Tommasetti v. Astrue, 533 F.3d at 1040 (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe symptoms); Morgan v. Commissioner, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ properly discredited claimant's subjective complaints by citing physician's report that symptoms improved with medication); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999) (ALJ did not err in considering that medication "aided" claimant's symptoms in assessing claimant's credibility).

To the extent one or more of the ALJ's stated reasons for discounting Plaintiff's credibility may have been invalid, the Court nevertheless would uphold the ALJ's credibility determination under the circumstances presented. See Carmickle v. Commissioner, 533 F.3d at 1162-63 (despite the invalidity of one or more of an ALJ's stated reasons, a court properly may uphold the ALJ's credibility determination where sufficient valid reasons have been stated). In

the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds.  <u>See</u> <u>Moisa v. Barnhart</u>, 367 F.3d at 885.  The Court therefore defers to the ALJ's credibility determination.  <u>See</u> <u>Lasich v. Astrue</u>, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); <u>accord</u> <u>Flaten v. Secretary of Health & Human Services</u>, 44 F.3d 1453, 1464 (9th Cir. 1995).[6]

///

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[6]     The Court need not and does not determine whether Plaintiff's subjective complaints are credible.  Some evidence suggests that those complaints may be credible.  However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses.  <u>See</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 4, 2019.

                                    /s/
                        _____
                            CHARLES F. EICK
                        UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).